IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND

| | |
|---|---|
| WENDY P. VARGO | : |
| Plaintiff, | : |
| | : |
| v. | CASE NO. |
| | : |
| DELAWARE TITLE LOANS, INC. | C-10-150344 |
| JOHN DOE CORPORATION | |
| JOHN DOE PARTNERSHIPS | |
| JOHN DOES | |
| 2431 Pulaski Highway, Ste 4 | |
| Newark, Delaware. | L10CV1251 |
| SERVE ON RESIDENT AGENT: | |
| Corporation Trust Co. | |
| Service of Process | |
| 1209 N. Orange Street | |
| Wilmington, Delaware 19801 | |
| | : |
| Defendants | : |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for a declaratory judgment, an injunction and damages for violations of the Md. Ann. Code Commercial Law Maryland Consumer Loan Law §12-302 Licensing Requirement; for violations of the Md. Ann. Code Commercial Law Maryland Consumer Loan Law § 12-306 Interest; for violations of Md. Ann. Code Commercial Law Maryland Consumer Loan Law § 12-313; and for violations of Md. Ann. Code Commercial Law Consumer Practices Act § 13-105 et seq.

### II. PARTIES

1

1. The Plaintiff, Wendy P. Vargo, is an adult individual residing at 312 S. Macon Street, Baltimore, Anne Arundel County, Maryland.

2. Defendant Delaware Title Loans, Inc. ("Defendant Delaware"), upon information and belief is a Georgia Corporation doing business in Delaware as a Lender, with an address located at 2431 Pulaski Highway, Ste 4, Newark, Delaware.

3. John Doe corporations are as yet unidentified corporations who are either principals or are aiding and abetting the violations of Maryland's credit statutes and when they become identified, will be added into the Complaint through amendment.

4. John Doe partnerships are as yet unidentified partnerships that are either principals or are aiding and abetting the violations of Maryland's credit statutes and when they become identified, will be added into the Complaint through amendment.

5. John Does are as yet unidentified persons who are either principals or are aiding and abetting the violations of Maryland's credit statutes and when they become identified, will be added into the Complaint through amendment.

### III.  FACTUAL ALLEGATIONS

6. On October 3, 2008, the Plaintiff, Wendy Vargo entered into a Title Loan Agreement, Promissory Note and Security Interest with Defendant.

7. The loan agreement was secured through Plaintiff's Maryland vehicle, a 1998 Ford Expedition, License 02437M7, VIN # 1FMPU18L3WLA90920.

8. On the face of the agreement, it is admitted that the rate of return on the loan (the interest rate) is 300%, despite being an over-collateralized loan.

9. Defendant Delaware collateralizes its loans by placing a lien on consumer's vehicles. See Exhibit 1.

10. Defendant Delaware enforces its loan by releasing the collateral upon full payment, thereby impliedly or expressly threatening to enforce its lien through its Maryland security, or ultimately enforcing its lien, by taking self-help action to replevin the security vehicle, while the security is in Maryland.

11. Plaintiff has suffered an ascertainable loss including, but not limited to, paying in excess of the legal rates of interest and having her vehicle encumbered by an illegal loan. The damages suffered by Plaintiff are an illegal debt which is estimated to be $1,500.00; out of pocket payments on illegal interest estimated to be at $4,825, and costs of litigation.

## IV. JURISDICTION

12. This Court has jurisdiction over this matter under Maryland Commercial Law § 12-114(c) in that Plaintiff is a citizen and resident of Maryland and Defendant's loan was secured by property located within the State of Maryland.

## COUNT I - USURY

13. Plaintiff incorporates paragraphs 1 to 12 as if set forth herein at length.

14. Pursuant to Maryland law, it is unlawful to charge interest upon the loan or forbearance of any money except as provided by law at a rate exceeding that proscribed in Maryland Annotated Code § 12-102 capping the interest rate at six percent per annum and § 12-306(a)(6)(i) capping the interest rate at 2.75% percent interest per month on that part of the unpaid principal balance not more that $1,000, and 2% percent interest per month on that part of the unpaid principal balance that is more than $1,000.

15. As stated previously, Defendant charged and received interest far in excess of this statutorily permitted amount. Defendant Delaware has violated CL § 12-306 by charging Plaintiff 300% interest.

16.     Under Title 12, a "Lender" is defined as a person who makes a loan under this subtitle. § 12-301(c).

17.     Under Title 12, a "Loan" means any loan or advance of money or credit made under this subtitle. § 12-301(e).

18.     Under Title 12, a "Person" includes an individual, corporation, business trust, Estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity. § 12-301(f).

19.     Defendant has violated CL § 12-302. Under this section, a person may not engage in the business of making loans in Maryland under this subtitle unless the person is licensed under or is exempt from the licensing requirements of Title 11, Subtitle 2 of the Financial Institutions Article, the Maryland Consumer Loan Law – Licensing Provisions.

20.     Defendant Delaware has violated CL § 12-313 by collecting money in excess permitted by this subtitle from Plaintiff.

21.     Plaintiff has suffered economic loss and injury as a direct result of the aforesaid conduct.

## COUNT II
## MARYLAND CONSUMER PROTECTION ACT

22.     Plaintiff incorporates paragraphs 1 to 21 as if set forth herein at length.

23.     Defendant Delaware is a "merchant" within the meaning of the Maryland Consumer Protection Act ("CPA") CL § 13-101(g) and is subject to all of the CPA's provisions prohibiting unfair or deceptive trade practices including this in Md. Code Ann. CL § 12-302, §12-306 § 12-313.

24. Defendant Delaware engaged in unconscionable commercial practices in the conduct of its business, trade and commerce in violation of the laws of Maryland.

25. Defendants' unconscionable commercial practices/acts in violation of the laws of Maryland include:

   a. Charging illegal, usurious and unconscionable fees for Plaintiff's Title Loan;

   b. Repeatedly charging and receiving unlawful, usurious and unconscionable interest in connection with making Plaintiff's Title Loan and forbearances;

   c. Failing to clearly and specifically outline the loan, the rollover and any obligations thereunder;

   d. Demanding from a vulnerable and unsophisticated consumer an unconscionable contract of adhesion, which waives rights to remedies thereby unconscionably limiting consumer's ability to obtain redress for the conduct described therein;

   e. Charging interest in excess of rates prescribed by Maryland law.

   f. The aforesaid conduct violated the Plaintiff's rights as set forth under the Maryland Consumer Protection Act.

26. Plaintiff suffered an ascertainable loss as a direct result of the aforesaid wrongful conduct and Defendant Delaware has obtained monies from Plaintiff by means of the unlawful practices alleged herein.

## COUNT III
## DECLARATORY JUDGMENT STATUTE

27. Plaintiff incorporates paragraphs 1 to 26 as if set forth herein at length.

28. Plaintiff seeks a declaration pursuant to Maryland's Declaratory Judgment Statute that the class action waiver contained in her contract with Defendant Delaware is unenforceable for at least the following reasons:

   a. It is unconscionable under Maryland Law;

   b. It is against the public policy of Maryland;

   c. It is an illegal waiver of rights under the [Maryland Consumer Protection Act];

   d. It is an exculpatory clause and is therefore unenforceable under Maryland Law;

   e. It would create a situation in which the cost to pursue Plaintiff's claims would exceed their value and is therefore unenforceable under Maryland Law;

   f. Its enforcement would violate the Maryland constitution.

## PRAYER FOR RELIEF

WHEREFORE,

Plaintiff demands judgment in an amount sufficient to compensate her for the harm she has suffered, all remedies available to her under Maryland law, attorney's fees, costs, punitive damages, and all other relief this Court or a jury deems just and proper. Further, Plaintiff seeks a declaration that the class action waiver contained in her contract with Defendant is void and unenforceable.

## DEMAND FOR JURY TRIAL

Plaintiff, Wendy P. Vargo, an individual pursuant to Md. Rule 3-325, demands a trial by jury of all issues so triable.

_____
BERNARD T. KENNEDY, ESQUIRE
The Kennedy Law Firm
Maryland Consumer Law Group
P.O. Box 657
Edgewater, MD 21037-0657
(443) 607-8901 Telephone
(443) 607-8903 Telecopier
Bernardtkennedy@yahoo.com
Counsel for the Plaintiff

TEST: Robert P. Duckworth, Clerk
By: _____ Deputy